# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4703 | **DATE** | 3/2/2004 |
| **CASE TITLE** | Jose Robles vs. Corporate Receivables Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/14/2004 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter memorandum opinion and order on plaintiff's renewed motion for class certification pursuant to Rule 23 of the F.R.Civ.P. Plaintiff's renewed motion for class certification [22-1] is hereby granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| SM | courtroom deputy's initials |

number of notices: 2
date docketed: MAR 0 3 2004
docketing deputy initials: JXM
date mailed notice: 3/2/2004
mailing deputy initials: SM

Document Number: 32

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE ROBLES, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

CORPORATE RECEIVABLES, INC., an
Arizona corporation,

    Defendant.

Case No. 02 C 4703

Magistrate Judge Ian H. Levin

DOCKETED
MAR 0 3 2004

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's renewed motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. For the reasons hereinafter set forth, the Court grants Plaintiff's motion.

## BACKGROUND FACTS[1]

On July 2, 2002, Plaintiff Jose Robles ("Plaintiff") filed a class action complaint against Defendant Corporate Receivables, Inc. ("Defendant"), alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 *et seq.* Plaintiff bases his complaint on three separate debt collection letters. (Complt. ¶¶ 5, 6, 7.) In his complaint, Plaintiff alleges that the second and third letters were sent within thirty days of the initial validation letter, thus rendering the thirty

---

[1] When evaluating a motion for class certification, a court accepts all well-pleaded facts as true. *Hardin v. Harshbarger,* 814 F.Supp. 703, 706 (N.D. Ill. 1993)("the allegations made in support of certification are taken as true"); *Allen v. City of Chicago,* 828 F.Supp. 543, 550 (N.D. Ill. 1993)(same). Accordingly, the factual background has been derived from the allegations contained in the complaint.

day validation language of the first letter ineffective. (*Id.* ¶¶ 6, 7, 9.)

Specifically, Plaintiff complains that the second letter ("Letter 2"), which was sent thirteen days after the initial validation letter ("Letter 1"), made it appear that the validation period referenced in Letter 1 had expired by admonishing Plaintiff that Defendant had not received a response or suitable resolution of the debt it was attempting to collect.[2] (Complt. ¶¶ 6, 9.) Thus, Letter 2 made it appear that the time to seek validation had expired, when in fact, more than two weeks remained in the validation period. (*Id.* ¶ 9.) Plaintiff further avers that the third letter ("Letter 3"), which was sent twenty-nine days after Letter 1, stated that Plaintiff's silence was interpreted as a refusal to pay which reinforced Defendant's message that the time to dispute the debt had passed, when in fact it had not.[3] (*Id.* ¶¶ 7, 9.) Therefore, Plaintiff alleges that the statements in Letters 2 and 3, individually or collectively, would confuse the unsophisticated consumer by creating a false sense of urgency as to whether the thirty-day (i.e., from the date of receipt of the initial validation letter or Letter 1) validation period had already expired and whether the consumer must act immediately or would have the full thirty days to dispute the validity of the alleged debt. (*Id.* ¶ 9.)

Plaintiff seeks to certify a class of all Illinois residents which Defendant sought to collect consumer debts from the period July 2, 2001 through July 2, 2002,[4] allegedly owed to Household

---

[2]The relevant language in Letter 2 states, " Despite our efforts to resolve the above obligation, we have either not received a response from you or a suitable resolution." (Pl.'s Ex. B.)

[3]The relevant language in Letter 3 states, "Your silence is interpreted as a refusal to pay." (Pl.'s Ex. C.)

[4]Claims under the FDCPA must be brought within one year of the date on which the alleged violation occurred. 15 U.S.C. § 1692k(d). Plaintiff's complaint was filed on July 2, 2002.

Bank (SB), N.A., by sending Letters 2 and 3 (or similar letters) within thirty days of Letter 1 (or similar initial validation letters). (Complt. ¶ 11; Pl.'s Mem. at 2.) The class Plaintiff seeks to certify consists of 102 individuals from whom Defendant attempted to collect said consumer debts. (Pl.'s Ex. J.)

## CLASS CERTIFICATION STANDARDS[5]

Rule 23 of the Federal Rules of Civil Procedure sets forth the relevant standards for maintaining class action suits in federal court. Fed.R.Civ.P.23. In order to bring a class action suit, a plaintiff must establish that the lawsuit meets the four requirements delineated in Rule 23(a) which include: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.[6] *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); Fed.R.Civ.P.23(a). These elements are a prerequisite to certification, and the failure to meet any one of the four elements precludes certification of a class. *Retired Chicago Police Assoc. v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993); *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993); *General Tel. Co. v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 2369, 72 L.Ed.2d 740 (1982)(the plaintiff must meet "'the prerequisites of numerosity, commonality, typicality, and adequacy of representation' specified in Rule 23(a)"). In addition, if each of those elements are

---

[5]The cause and renewed motion here were filed prior to December 1, 2003. To the extent relevant, the Court finds, under the applicable standard, that Rule 23 FRCP in effect prior to December 1, 2003 applies herein.

[6]Rule 23(a) provides that a class action may be maintained when "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P.23(a).

3

satisfied, then a plaintiff must satisfy one of the three requirements of Rule 23(b).[7] *Amchem Products, Inc.*, 521 U.S. at 614, 117 S.Ct. 2231, 138 L.Ed.2d 689; Fed.R.Civ.P.23(b).

The party seeking class certification bears the burden of demonstrating that certification is appropriate. *Retired Chicago Police Assoc.*, 7 F.3d at 596. In addition, a district court has broad discretion in determining whether certification of a class is proper. *Id.*

## ISSUE

As seen, the Plaintiff charges that Defendant's form debt collection letters violated the FDCPA because the validation notice mandated by § 1692g of the FDCPA - advising consumers they have thirty days to dispute the debt - was overshadowed and thus rendered ineffective, by Defendant's second and third form debt collection letters. (Pl.'s Reply at 1.)

Plaintiff avers that class certification is appropriate herein because all of the requirements of Rule 23(a) (i.e., numerosity, commonality, typicality, and adequacy of representation) have been satisfied. (Pl.'s Mem. at 3.) Moreover, Plaintiff asserts that Rule 23(b)(3) has been satisfied because questions of law or fact common to the members of the class predominate over any questions affecting only the individual members of the class, and a class action, herein, is superior to other available methods for the fair and efficient adjudication of this controversy. (*Id.*) Defendant, on the other hand, contends that class certification is improper because it has unique defenses to Plaintiff's claims; therefore, Plaintiff is unable to show that his claims are typical or common to the class, that he is an adequate class representative, and that his claims predominate over questions affecting the

---

[7]In this case, Plaintiff seeks certification under Rule 23(b)(3) which authorizes class actions where the "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and [where] a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P.23(b)(3).

class as a whole. (Def.'s Mem. at 3-9.) Therefore, according to Defendant, the Court should deny Plaintiff's renewed motion for class certification. (*Id.*)

## DISCUSSION

### I. TYPICALITY

Plaintiff avers that the typicality requirement of Rule 23(a)(3) is satisfied because his claims are typical of the claims of the class because they are brought pursuant to the FDCPA and relate to the identical form debt collection letter, and, therefore, involve the same course of conduct by Defendant. (Pl.'s Mem. at 5.) Defendant, on the other hand, asserts that there are numerous defenses which are unique to Plaintiff that prevent him from meeting the typicality requirement of Rule 23(a)(3). (Def.'s Mem. at 3.)

Rule 23(a)(3) requires that "the claims or defenses of the representative parties be typical of the claims or defenses of the class." Fed.R.Civ.P.23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theory, regardless of factual differences that underlie individual claims." *Beasley v. Blatt*, No. 93 C 4978, 1994 WL 362185, at *3 (N.D. Ill. 1994)(citations omitted); *Keele v. Wexler*, No. 95 C 3483, 1996 WL 124452, at *3 (N.D. Ill. 1996). The presence of defenses "peculiar to the named plaintiff class or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiffs' representative." *Beasley*, 1996 WL 124452, at *3 (*quoting J.H. Cohn & Co. v. American Appraisal Associates, Co.*, 628 F.2d 994, 998 (7th Cir. 1980)). Thus, "[w]here "a major focus of the litigation will be on an arguable defense unique to the named plaintiff . . . then the named plaintiff is not a proper class representative.'" *Honorable v. The Easy Life Real Estate Sys.*,

182 F.R.D. 553, 560 (N.D. Ill. 1998)(*quoting Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974)). In other words, "[t]ypicality will only be destroyed where the defenses against the named representatives are 'likely to usurp a significant portion of the litigant's time and energy,' and there is a danger that the absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Beasley*, 1994 WL 362185, at *3 (*quoting McNichols v. Loeb Rhoades & Co.*, 97 F.R.D. 331, 334-35 (N.D. Ill. 1982)).

Defendant initially asserts that it is not the content of the letters that violate the FDCPA; rather, it is the timing of the letters sent to Plaintiff which allegedly violates the FDCPA. (Def.'s Mem. at 4.) Specifically, Defendant asserts that Plaintiff maintains that he received one letter (Letter 2) within the thirty-day validation period and another letter (Letter 3) was sent within the validation period which confused him into believing he no longer had thirty days to validate the debt. (*Id.*) Thus, in both instances, Defendant avers that it has defenses specific to Plaintiff which differ from the defenses available to the purported class members. (*Id.*)

*Letter 2*

With respect to Letter 2: Defendant alleges that this was the second letter in the sequence, which was sent thirteen days after the initial communication letter (Letter 1), and offered Plaintiff a twenty percent reduction in the balance he owed if he paid within twenty days of the date of the second letter. (Def.'s Mem. at 4.) However, according to Defendant, because Letter 2 does not "encourage" payment or any action until after the thirty-day validation period is over (i.e., thirteen days plus twenty days), the sequence of these letters does not run afoul of the thirty-day validation

period.[8] (*Id.*)

In asserting its position, Defendant specifically relies on Plaintiff's deposition testimony that Letter 2 confused him because he believed he only had twenty days from receipt of Letter 2 to pay the debt. (Def.'s Mem. at 4; Robles Dep. at 25, 26.) Thus, this perceived deadline would have been, at the earliest, January 22, 2002, because Letter 2 was sent on January 2, 2002. (Def.'s Mem. at 4.) Therefore, since the thirty-day validation period of Letter 1 expired on January 19, 2002 (i.e., Letter 1 was sent December 20, 2001), Plaintiff cannot present any evidence that Letter 2 required action before the validation period expired. (*Id.*)

Accordingly, Defendant avers that its defense with respect to the timing of the letters related to Plaintiff's claim is, therefore, different than its defense as to other potential class members. (Def.'s Mem. at 5.) Thus, because many of the other potential class members might have received Letter 2 within ten days of Letter 1, Defendant's timing defense would not apply to any such class members. (*Id.*) Furthermore, according to Defendant, if the twenty day "incentive" of Letter 2 expired on or before the thirty-day validation period, the timing defense which it asserts with respect to Plaintiff might not be available against any other purported class members. (*Id.*)

With regard to Defendant's assertions regarding Letter 2, the Court initially notes that these assertions are more appropriately suited for a motion for summary judgment rather than a response to a motion for class certification. While limited inquiry into the merits of a putative class representative's claim is appropriate, an inquiry is limited to those duties established by Rule 23. *Szabo v. Brideport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001). Thus, a court may inquire "

---

[8]Defendant further contends that Letter 2 does not contain any language inconsistent with the validation period. (Def.'s Mem. at 4.) Rather, the letter encourages Plaintiff to contact Defendant, but Letter 2 does not include any immediate demand for contact or action. (*Id.*)

7

. . . whether plaintiff is asserting a claim which, assuming its merit, will satisfy the requirements of Rule 23 as distinguished from an inquiry into the merits of plaintiff's particular individual claim." *Id.* (*quoting Eggleston v. Chicago Journeymen Plumbers' Local No. 130*, 657 F.2d 890, 895 (7th Cir. 1981)). Accordingly, a court is not required to certify a class only if it believes the plaintiff will prevail on his or her claim. *Szabo*, 249 F.3d at 677.

Next, the Court finds, respectfully, that Defendant misapprehends Plaintiff's claim as to Letter 2. Specifically, Plaintiff does not claim that Letter 2 set a specific date for payment; rather, he claims that Letter 2, which was sent only thirteen days after Defendant's initial validation letter (Letter 1) admonishing Plaintiff that "despite [Defendant's] efforts to resolve the above obligation," Defendant had "either not received a response [from Plaintiff] or a suitable resolution" of the debt it was attempting to collect, made it appear that Plaintiff had failed to act and the time to seek validation had expired (when, in fact, more than two weeks remained in the validation period). *See e.g., Allen v. NCO Financial Systems, Inc.*, No. 01 C 3992, 2002 WL 1291791, at *4 (N.D. Ill. June 11, 2002)("Notices sent to debtors must not confuse them about the verification rights established by the Fair Debt Collection Practices Act.") Therefore, since, as complained, Defendant sent this second debt collection letter (Letter 2) within the thirty day validation period, Letter 2 violates the FDCPA. *See e.g.,* 15 U.S.C. § 1692g (the notice requires that the debt collector tell the debtor that he has thirty days to dispute the validity of all or a portion of the debt). Given these factual circumstances, Defendant's twenty day letter deadline for accepting its settlement offer is simply irrelevant to Plaintiff's FDCPA claim herein. Accordingly, Defendant's timing defense is not unique to Plaintiff's claim and Defendant's Letter 2 may be shown to have violated the FDCPA rights of the proposed class in the same manner as those of Plaintiff's FDCPA's rights.

8

Moreover, the Court finds that Plaintiff's testimony with respect to whether he believed Defendant's second letter (Letter 2) demanded payment after the thirty-day validation period is not a factor upon which an FDCPA violation can be based. *See e.g., Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1061-62. Whether a form debt collection letter violates the law is determined according to the "unsophisticated consumer" standard and it is not necessary for the debtor to demonstrate that he has read the letters at issue or was confused by them. *Bartlett v. Heibl,* 128 F.3d 497, 500-01 (7th Cir. 1997). In this regard, the Seventh Circuit has specifically held that, where as here, the violation is apparent on the face of the debt collection letter at issue, the Letter's direct contradiction of the validation notice violates the FDCPA. *See e.g., Barlett,* 128 F.3d at 501; *Chauncey v. JDR Recovery Corp.,* 118 F.3d 516, 518 (7th Cir. 1997); *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir. 1996); *Whitten v. ARS National Services, Inc.,* No. 00 C 6080, 2002 WL 1050320, at *3 (N.D. Ill. May 23, 2002).

Accordingly, the Court finds Defendant's timing defense arguments with respect to Letter 2 unavailing.

*Letter 3*

With regard to Letter 3, Defendant likewise asserts that Plaintiff's claim against it is based on the timing of the letter rather than on the contents of the letter. (Def.'s Mem. at 5.) For instance, Plaintiff claims that Letter 3 which was sent twenty-nine days after the initial validation letter (Letter 1) confused him into believing that the thirty day validation period had expired prematurely by one day. (*Id.*) Thus, Defendant again avers that its defense which entails the timing of the letters sent to Plaintiff would likely be unavailable to any other purported class members. (*Id.*)

In asserting its position, Defendant again relies on the deposition testimony of Plaintiff.

9

(Def.'s Mem. at 5.) Plaintiff testified that he does not always open his mail on the day in which it is received and, moreover, has no recollection of opening Letter 3. (*Id.*; Robles Dep. at 21, 28, 29.) For instance, Plaintiff stated that he shares a house with several family members and the mail is not always immediately distributed. (*Id.*; Robles Dep. at 7.) Plaintiff thus specifically testified that there is "no way of telling when maybe the mailman might have delivered it. I could have received it on that date, I could have received it a few days later. I do not know." (*Id.*; Robles Dep. at 28-29.)

Thus, according to Defendant, because Letter 3 was sent twenty-nine days after Letter 1, it is entirely possible that Defendant did not communicate with Plaintiff within the thirty-day validation period. (Def.'s Mem. at 5.) Plaintiff, therefore, cannot prove that Defendant violated the FDCPA by communicating with him within the thirty-day period when his deposition testimony demonstrates his inability to determine if he was contacted within the thirty day period. (*Id.* at 5-6.) Accordingly, Defendant avers that its timing defense applicable to Plaintiff's claim would not be available as a defense against the class as a whole; therefore, rendering Plaintiff's claim atypical of the class. (*Id.* at 6.)

The Court finds Defendant's timing defense with respect to its third letter (Letter 3) to be unmeritorious, as no legal basis exists for the asserted defense. Specifically, no basis in law exists for the just recited timing defense of the Defendant, because, in fact, a violation of the FDCPA occurred when the letters were mailed and not when Plaintiff received them. *See e.g., Friedman v. Anvan Corp.*, No. 97 C 2364, 1998 WL 559779, at *2 (N.D. Ill. Aug. 28, 1998)("... virtually every court that has substantively addressed the issue has ruled that, under the FDCPA, the violation occurs when the debt collector mails the letter"); *Friedman v. HHL Financial Services, Inc.*, No. 93 C 1545, 1993 WL 286487, at 1 (N.D. Ill. July 29, 1993)(an FDCPA violation occurs on the date the letter was

10

mailed, not on the date it was received); *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992)(once debt collector put the letters in the mail, its conduct with regard to an FDCPA violation was complete because it was the debt collector's last opportunity to comply with FDCPA provisions).

Accordingly and put differently, Defendant's argument that Plaintiff was not contacted within the thirty-day validation period fails because Defendant violated the law when it mailed Letter 3 (as well as Letter 2) within the thirty-day validation period. *See e.g., Boomer v. AT&T Corp.*, 309 F.3d 404, 415 n.5 (7th Cir. 2002). Therefore, Defendant's timing defense with regard to Letter 3 cannot be sustained and Plaintiff's claim is not atypical to the proposed class members as a whole.

Next, with regard to Letter 3, Defendant further asserts a *bona fide* error defense which is allegedly specific to Plaintiff's claim and would not be applicable to other class members. (Def.'s Mem. at 6.) Defendant, who employs a third-party (Compumail), to send all letters on its behalf, mailed Letter 3 twenty-nine days after Letter 1, although Compumail was directed to send the subject letter exactly thirty days after Letter 1.[9] (*Id.*; Defendant's Answers to Plaintiff's First Set of Interrogatories, Interrogatory Number 4.) Thus, Defendant contends that it maintained a procedure to prevent Letter 3 from being sent within thirty days of Letter 1, but Compumail somehow erred in complying with this instruction. (Def.'s Mem. at 6.)

Defendant, therefore, avers that in order to assert its *bona fide* error defense to the class as a whole, potential members must have been sent Letter 3 within thirty days of Letter 1. (Def.'s Mem. at 6.) Accordingly, if any potential class members were sent Letter 3 intentionally within thirty days

---

[9]By a timed computer, Defendant requested that Letter 3 be sent exactly thirty days after Letter 1. (Def.'s Mem. at 6; Defendant's Answers to Plaintiff's First Set of Interrogatories, Interrogatory Number 4.)

of Letter 1, Defendant cannot assert its *bona fide* error defense to their claims; thus, Plaintiff's claim is atypical of the claims of the class members as a whole. (*Id.*)

The FDCPA does include a provision for a *bona fide* error defense. *Wilkerson v. Bowman*, 200 F.R.D. 605, 608 (N.D. Ill. 2001). Under Section 1692k(c) of the FDCPA, a debt collector may not be held liable for an FDCPA violation if the debt collector shows, by a preponderance of the evidence, that the violation was not intentional and that it maintained procedures reasonably adapted to avoid the violation. *Id.*;15 U.S.C. § 1692k(c).

With regard to Defendant's *bona fide* error defense, the Court initially notes that Defendant has produced no evidence in support of its interrogatory response on this issue. Moreover, while Defendant may contend that Plaintiff received the debt collection letters in error, he also received an identical set of letters from Defendant, attempting to collect on a different debt. (Pl.'s Ex. D) With regard to this additional debt Defendant sought to collect on, Plaintiff received the third debt collection letter on the 29th day of the validation period.[10] (*Id.*)

In addition, Defendant identified 102 individuals and stipulated that those individuals would comprise the class in this matter, i.e., each of those individuals "might have received the three letters attached to the complaint."[11] Thus, each member of the class would have the same claim as Plaintiff and if Defendant has a *bona fide* error defense, this defense could apply to them all or some of them. In Defendant's attempt to shoehorn its alleged *bona fide* error defense into its overall argument that

---

[10] Plaintiff received the second debt collection letter on the 27th day of the validation period. (Pl.'s Ex. D.)

[11] Plaintiff states in the complaint and renewed motion here that Defendant stipulated that the "subject class in this matter" consists of 102 persons. (Pl.'s Mem. at 4) Defendant does not contest or dispute this class stipulation statement(s) in its response.

it has unique defenses to Plaintiff's FDCPA claims, however, it asserts that "if" it *intentionally* sent other members of the class the third form debt collection letter (Letter 3) within the thirty-day validation period, the *bona fide* error defense would not be available to Defendant as to those individuals' claims. However, the Court finds that this assertion of Defendant is purely speculative and thus cannot be considered.

Accordingly, the Court determines that the typicality requirements of Rule 23(a)(3) have been met because Plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [the] claims are based on the same legal theory." *Sledge,* 182 F.R.D. at 258 (citation omitted). Therefore, Plaintiff's claims are typical of the claims of the class as a whole because they are brought pursuant to the FDCPA and related to the identical form debt collection letters and involve the same course of conduct by Defendant.

## II. COMMONALITY

Plaintiff argues that the commonality requirement is met herein because there is at least one question of fact or law which is common among the class members. (Pl.'s Mem. at 4.) Defendant, however, asserts that the commonality requirements have not been met because it has not engaged in "standardized conduct," as the timing of the letters sent to Plaintiff are not in conformity with the class as a whole. (Def.'s Mem. at 7.) As discussed, *supra,* Defendant alleges specific defenses to Plaintiff's claim based on the timing of the letters. Thus, because such a timing defense is unavailable to Defendant for the claims of other class members, Defendant avers that this defense prevents Plaintiff from proving that his operative facts are common to the class. (*Id.*)

In order to satisfy the Rule 23(a)(2) commonality requirement, the plaintiff "need only demonstrate that at least one question of law or fact is common to all class members." *Peters v.*

*AT&T Corp.*, 179 F.R.D. 564, 567 (N.D. Ill. 1998); *Sledge*, 182 F.R.D. at 258 (a named plaintiff "need only demonstrate that there is at least one common question–either of law or fact"). Moreover, it is important to note that "[a] common nucleus of operative fact is usually enough to satisfy the commonality requirement." *Keeler*, 1996 WL 124452, at *3 (citation omitted). A common nucleus of operative fact is "typically found when defendants have engaged in standardized conduct toward members of the proposed class." *Id.* Those claims arising out of standard documents present a "classic case for treatment of a class action." *Id.* (citation omitted.)

The Court finds that the commonality requirement of Rule 23(a)(2) has been met by Plaintiff. Herein, the common legal question is whether Defendant's letters violated the "unsophisticated consumer" standard of the FDCPA, which is analyzed by applying this standard to Defendant's letters and is not dependent upon actual reliance by Plaintiff. Moreover, as discussed *supra*, Defendant's timing defenses fail because they are not unique to Plaintiff's claim. Accordingly, the Court finds that a common legal issue exists and the requirements of Rule 23(a)(2) have been met.

## III. ADEQUACY OF REPRESENTATION

Plaintiff argues that he will fairly and adequately represent the proposed class because his interests are not antagonistic to the class' interests because his claims are identical to the claims of the proposed class. (Pl.'s Mem. at 5.) Moreover, Plaintiff asserts that he has sufficient interest in the outcome of the lawsuit because he and the class stand to recover damages. (*Id.*) Plaintiff further avers that his attorneys are experienced in litigating class actions which include FDCPA claims.[12] (*Id.*)

---

[12]Plaintiff has included a listing of those cases where his attorneys have been appointed counsel in class actions. (Pl.'s Ex. K.)

14

Defendant, on the hand, asserts that Plaintiff is not an adequate class representative because his claims are antagonistic to the proposed class members. (Def.'s Mem. at 8.) For instance, Defendant avers that whereas other individuals meeting the class criteria would be free from many of its defenses, Defendant has, as discussed *supra*, defenses which are specific to Plaintiff. Those defenses include the timing of the letters sent to Plaintiff which allegedly comply with the FDCPA; Plaintiff's not reading or receiving Letter 2 or 3 in the validation period; and a *bona fide* error caused Letter 3 to be sent twenty-nine days rather than thirty days after Letter 1. (*Id.*) *See e.g., Easy Life Real Estate System, Inc.,* 182 F.R.D. at 560 ("[w]here 'a major focus of the litigation will be on an arguable defense unique to the named plaintiff . . . then the named plaintiff is not a proper class representative.'")(citation omitted).

Rule 23(a)(4) requires that the named plaintiff "fairly and adequately protect the interests of the class." Fed.R.Civ.P.23(a)(4). The adequacy of representation requirement has three elements: (1) the chosen class representative cannot have antagonistic or conflicting claims with other members of the class, . . . (2) the named representative must have sufficient interest in the outcome to ensure vigorous advocacy, . . . and, (3) counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously. *Gammon v. G.C. Services Limited Partnership,* 162 F.R.D.313, 317 (N.D. Ill. 1995)(citations and quotations omitted).

In order to be represented properly, a class must have a "conscientious representative plaintiff." *Rand v. Monsanto Co.,* 926 F.2d 596, 599 (7th Cir. 1991). Moreover, the named class representative must "understand the basic facts underlying his claims" and "[g]eneral knowledge and participation in discovery are sufficient to meet this standard." *In re Discovery Zone Sec. Litig.,* 169

F.R.D. 104, 109 (N.D. Ill. 1996). Thus, to "demonstrat[e] a class representative's adequacy, the burden is not a heavy one." *Ries v. Humana Health Plan, Inc.*, No. 94 C 6180, 1997 WL 158337, at *9 (N.D. Ill. Mar. 31, 1997).

The Court finds that Plaintiff will fairly and adequately protect the interests of the class. Specifically, Defendant's assertion that Plaintiff's interests are antagonistic to the class is unavailing because, as discussed *supra*, Defendant's alleged timing defenses are applicable to the proposed class members as a whole and are not unique to Plaintiff. Moreover, Plaintiff does not challenge that Plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy or that Plaintiff's attorneys' lack the qualifications, experience and ability to conduct the litigation vigorously. *See e.g., Gammon*, 162 F.R.D. at 317. Accordingly, the Court finds that Plaintiff has shown that he is an adequate representative of the class; therefore, the requirements of Rule 23(a)(4) have been met.

## IV. RULE 23(b)(3)

Plaintiff avers that certification of the class is proper pursuant to Rule 23(b)(3). (Pl.'s Mem. at 6.) Plaintiff avers that its claims fit squarely into Rule 23(b)(3) because Defendant is liable to each class member based on the same legal theory and same form debt collection letters which members of the proposed class received. (*Id.*) Moreover, according to Plaintiff, a class action is superior to other methods of litigation because (1) it is unlikely that those individuals who received the form debt collection letters are aware of their FDCPA rights; thus, a class action assures that all class members' rights are protected; (2) the maximum amount that any class member can receive under the FDCPA is relatively small; thus, the interests of the class members in individually controlling the prosecution of their claims is small; (3) the principles of judicial economy and efficiency favor adjudicating the legality of the debt form collection letters in one litigation; and (4)

it is unlikely that there will be any significant management problems, if the proposed class is certified. (*Id.* at 6-7.)

Defendant, however, avers that Plaintiff has not sustained its burden under Rule 23(b)(3) because its defenses which are unique to Plaintiff present different questions of both law and fact than the issues common to the purported class. (Def.'s Mem. at 9.) Therefore, Defendant asserts that these individual defenses will predominate over the litigation; rather, than Plaintiff's claim. (*Id.*)

An action is properly maintained as a class action where the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only the individual members of the class, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[13] (*Id.*) Fed.R.Civ.P.23(b)(3). *See e.g., Sledge*, 182 F.R.D. at 259; *Keele*, 1996 WL 124452 at *4, *Beasley*, 1994 WL 362185, at *5-6; *Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 356-57 (N.D. Ill. 1998); *Avila v. Van Ru Credit Corp.*, No. 94 C 3234, 1995 WL 41425, at *7-8 (N.D. Ill. Jan. 31, 1995).

The Court finds that the requirements of Rule 23(b)(3) have been satisfied herein because common questions of law and fact predominate over questions only affecting individual members. Moreover, as discussed *supra*, Defendant's asserted defenses are not unique to Plaintiff's claim and are typical of the class as a whole. Therefore, because individual issues do not predominate over common questions of law and fact, a class action is the superior method by which to adjudicate Plaintiff's FDCPA claims. *See e.g., Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th

---

[13] The matters which are pertinent to the findings include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Fed.R.Civ.P.23(b)(3).

Cir. 1974)(a court must keep in the mind the "inability of the poor or uniformed to enforce their rights, and the improbability that large numbers of the class members would possess the initiative to litigate individually").

Accordingly, the Court finds that Plaintiff has demonstrated that class certification is proper herein.[14] *See e.g., Gammon*, 162 F.R.D. at 322 (N.D.Ill. 1995)(finding that class certification for FDCPA claims was proper).[15]

## CONCLUSION

In view of the foregoing, Plaintiff's renewed motion for class certification is granted. Wherefore, a class is certified in this matter, pursuant to Rule 23(b)(3), consisting of all persons in

---

[14]Defendant does not dispute that the numerosity requirement has been met. *See* Rule 23(a)(1)(requiring that "the class [be] so numerous that joinder of all members is impracticable.) Accordingly, the Court finds that a class of 102 individuals satisfies Rule 23(a)(1) because the class comprises a number of individuals who are likely to be unaware of their rights who can join together and have their claims resolved in one lawsuit. *See e.g., Keele v. Wexler*, No 95 C 3483, 1996 WL 124452, at *3 (N.D. Ill. Mar. 19, 1996).

[15]It bears noting that district courts have held that class certification in FDCPA claims is appropriate. *See e.g., Avila v. Van Ru Credit Corp.*, No. 94 C 3234, 1995 WL 41425 (N.D. Ill. Jan. 31, 1995); *Beasley v. Blatt, Beasley v. Blatt*, No. 93 C 4978, 1994 WL 362185 (N.D. Ill. July 1994); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993); *Clark v. Retrieval Masters Creditors Bureau*, 185 F.R.D. 247 (N.D. Ill. 1998); *Daley v. Provena Hospitals*, 193 F.R.D. 526 (N.D. Ill. 2000); *Keele v. Wexler*, No. 95 C 3483, 1996 WL 124452 (N.D. Ill. Mar. 19, 1996); *Peters v. AT&T Corp.*, 179 F.R.D. 564 (N.D. Ill. 1998); *Randle v. G.C. Services, L.P.*, 181 F.R.D. 602 (N.D. Ill. 1998); *Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill. 1998); *Wells v. McDonough*, 188 F.R.D. 277 (N.D. Ill. 1999); *Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347 (N.D. Ill. 1998); *Wilkerson v. Bowman*, 200 F.R.D. 605 (N.D. Ill. 2001); *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999).

In addition, the FDCPA expressly provides for class actions. 15 U.S.C. § 1692k(a)(2)(B). In the case of a class action under the FDCPA, the named plaintiff can recover statutory damages up to $1,000 for himself and all other class members may collect up to $500,000 or 1% of the net worth of the defendant, whichever is less. *Id.* The class may also recover costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3). In addition, actual damages are available under the FDCPA. 15 U.S.C. § 1692k(a)(1).

Illinois from whom Defendant attempted to collect a consumer debt from July 2, 2001, to July 2, 2002, relating to a debt allegedly owed to Household Bank (SB) N.A., using collection letters identical or similar to the letter Plaintiff received, and as to which the second and third letters were sent within thirty days of the first letter, using collection letters identical or similar to the letters Plaintiff received.

ENTER:

*[signature: Ian H. Levin]*

IAN H. LEVIN
United States Magistrate Judge

Dated: March 2, 2004